928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jabari Issa MANDELA, Plaintiff-Appellant,
v.
Michael DUTTON, Warden, Defendant-Appellee.
 Nos. 89-5702, 89-5703 and 89-6482.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 M.D.Tenn., 87-00483, Neese, J.
 M.D.Tenn.
 AFFIRMED.
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges and RUIN, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, currently incarcerated in the Tennessee State Penitentiary, seeks habeas corpus relief from his conviction of aggravated rape, second degree burglary, aggravated assault and aggravated sexual battery. Appellant's conviction has been reviewed three times by the Tennessee Court of Criminal Appeals, an application for permission to appeal to the Tennessee Supreme Court has been denied three times, and a Petition for Writ of Mandamus in the Tennessee Supreme Court has been denied.
 
 
 2
 Before bringing this matter to the attention of the Federal Courts, ten separate courts of the State of Tennessee have considered in one form or another appellant's contentions.
 
 
 3
 A Petition for Writ of Habeas Corpus was filed in the United States District Court for the Middle District of Tennessee and to this date appellant's contentions have been addressed three times in the United States District Court.
 
 
 4
 In support of his Petition for Writ of Habeas Corpus, appellant asserts the following:
 
 
 5
 1. A violation of constitutional rights by a denial of a Motion for Continuance of the Trial;
 
 
 6
 2. A violation of constitutional rights by a denial of a Motion for Continuance to Secure the Attendance of a Witness;
 
 
 7
 3. A violation of constitutional rights by a denial of a special jury instructions;
 
 
 8
 4. A violation of due process rights by prosecutorial misconduct;
 
 
 9
 5. A violation of Fourth Amendment rights by a warrantless search of an automobile;
 
 
 10
 6. A violation of Sixth Amendment rights by ineffective assistance of counsel;
 
 
 11
 7. An error of the District Court in denying appellant's Motion for Leave to Supplement the Record or in the alternative to Produce Additional Evidence.
 
 
 12
 Upon consideration of the briefs filed in this matter, it is the Court's determination that assertions 1, 2, 3, and 7, are all matters within the sound discretion of the trial court, and that no evidence of an abuse of discretion appears in the record.
 
 
 13
 Assertion 4 has not support. Nothing in the record indicates prosecutorial misconduct "so fundamentally unfair as to deny [appellant] due process." Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974).
 
 
 14
 Appellant's assertion 5 that his Fourth Amendment rights were violated by a warrantless search of an automobile does not state grounds for habeas corpus relief "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 482 (1976). The record provided to the Court indicates that this claim was fully and fairly litigated in the courts of Tennessee.
 
 
 15
 In terms of assertion 6, ineffective assistance of counsel, the record discloses that both the Court of Criminal Appeals of Tennessee and the United States District Court carefully considered this question and determined that the assistance of counsel was appropriate. The record contains no evidence to the contrary.
 
 
 16
 In view of the foregoing, the denial of a Writ of Habeas Corpus by the United States District Court for the Middle District of Tennessee is hereby AFFIRMED.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation